UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY R. RISNER and<br>JOYCE A. RISNER,<br><br>    Plaintiffs,<br><br>v.<br><br>CHENIERE ENERGY, a Corporation,<br>M.G. DYESS, a Corporation,<br>MEARS, a Corporation, and<br>QUANTA, a Corporation,<br><br>    Defendants. | Case No. 22-CV-250-RAW |

## ORDER

Before the court is the Defendants' Joint Motion for Order Deeming Defendants' Motion to Dismiss Confessed and Granting the Underlying Motion and Brief in Support [Docket No. 14].

Defendants filed their Joint Motion to Dismiss [Docket No. 13] on October 21, 2022 contending the court should dismiss the Plaintiffs' case because Plaintiffs failed to make initial disclosures, failed to assist in preparing a discovery plan, failed to attend the scheduling conference, and failed to show any interest in litigating the case. Defendants served this motion on Plaintiffs via certified mail on October 21, 2022 along with a letter advising Plaintiffs of the filing and their response deadline. Plaintiffs received the letter and motion via an agent on October 24, 2022 (Exhibit 2, Return Receipt).

Pursuant to the Federal Rules and this court's Local Rules, Plaintiffs had 17 days from October 21, the date of service (*see* Fed. R. Civ. P. 5(b)(2)(C), service complete upon mailing), to respond to Defendants' motion (*see* LCvR7.1(d), responses must be made within fourteen

days, and Fed. R. Civ. P. 6(d), adding three days to any deadline when service of the response-generating document was made by mail).  This made Plaintiffs' response due on November 7, 2022.  No response was filed as of that date or since.

Although Plaintiffs are proceeding *pro se* in this matter, they must follow the rules of procedure.  The court construes liberally the pleadings of all *pro se* litigants.  *Hall v. Bellmon*, 93 F.2d 1106, 1110 (10th Cir. 1991).  A *pro se* party is subject to "the same rules of procedure that govern other litigants."  *Nelson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).

Plaintiffs are *pro se* and not registered to file documents electronically via the CM/ECF system, therefore, they must file any papers via non-electronic means.  A paper not filed electronically is filed by delivering the document to the court clerk or the judge.  *See* Fed. R. Civ. P. 5(d)(2).  For non-prisoners, courts have interpreted "delivered" as the date on which the clerk receives the document, not the date on which the document was mailed.  *See, e.g., Kareem v. F.D.I.C.,* 811 F. Supp. 2d 279, 282 (D.D.C. Sept. 2011).  No response has been filed to date.

Under LCvR7.1(g), if a dispositive motion is not opposed, the court may exercise discretion and provide an additional fourteen days for Plaintiffs to show cause for why Defendants' motion should not be granted.  Moreover, if a motion seeking confession of judgment is filed, the court can grant it fourteen days after filing.

In its discretion, the court will dispense with issuing a show cause order because of the nature of Defendants' motion and the fact that these Plaintiffs have taken no action toward moving their case forward.  Plaintiffs have failed to comply with all deadlines imposed by the

federal rules or this court's local rules. Defendants' counsel represent that they have heard nothing from Plaintiffs at any point during the pendency of this case.

The court finds that a show cause order would only serve to delay the inevitable, and for that reason the court refrains from entering one and proceeds to rule on Defendants' underlying motion. For the reasons discussed herein along with those raised in Defendants' original motion to dismiss, Plaintiffs' claims against all defendants are dismissed without prejudice to refiling.

**IT IS SO ORDERED THIS 6TH DAY OF FEBRUARY, 2023.**

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA